UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re

    **NICHOLE WILHELM**                  CASE NO. **99-00557-BKC-3F7**

    Debtor.

_____

**AMENDED APPLICATION TO EMPLOY GREGORY A. LAWRENCE
AS SPECIAL ATTORNEY FOR THE TRUSTEE**

The trustee, GREGORY K. CREWS, shows:

1. By order entered January 10, 2002 (docket 55), the court authorized the employment of Gregory Lawrence to pursue two personal injury claims on behalf of the trustee.

2. Mr. Lawrence recovered $42,500 in settlement of the two claims.

3. The trustee objected to the claim of Steven Watrel, P.A. and the court sustained the objection. Watrel appealed that ruling to the United States District Court and the ruling was affirmed.

4. Mr. Lawrence represented the estate in both the claim objection hearing and the appeal to the District Court.

5. Watrel has now filed a Notice of Appeal to the Eleventh Circuit Court of Appeals. The trustee has asked Mr. Lawrence to continue to represent the estate in the appeal to the Eleventh Circuit Court of Appeals.

6. Mr. Lawrence has requested the trustee file an amended application to employ him because the original application to employ him dealt with only the two personal injury claims and not representation on an appeal of a claims order.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**In re:**

**NICHOLE WILHELM,**  Case No.: 99-00557-3F7

Debtor.

___

## DECLARATION OF ATTORNEY

I, **GREGORY A. LAWRENCE**, declare as follows:

1  I am an attorney licensed by the State of Florida.

2.  I have read the application to employ me as attorney and believe that I am qualified to represent the estate in connection with the matter described in the application.

3.  I have agreed to accept employment as attorney for the trustee. I am aware that, under §328(a), Bankruptcy Code, the trustee, with the court's approval, may employ a professional person on any reasonable terms and conditions. I am also aware, however, that notwithstanding such terms and conditions, the court must approve and award the amount of compensation and may allow compensation different from the compensation requested and that I must file a fee application with the court.

4.  I also understand that the gross proceeds recovered must be turned over to the trustee and that I must then file a fee application with the clerk of the Bankruptcy Court; that the trustee will pay whatever fee the court awards after entry of an order authorizing the payment; and that, customarily, such fee applications are considered at the conclusion of the bankruptcy case.

5	am a disinterested person within the meaning of §11 U.S.C. 101(14).

declare under penalty that the foregoing is true and correct.

Dated October 29, 2003

                        THOMAS & LAWRENCE, P.A.

                        GREGORY A. LAWRENCE, ESQ.
                        Florida Bar No. 0007072
                        300 W. Adams Street, Suite 400
                        Jacksonville, Florida 32202
                        ph (904) 632-0077
                        fax (904) 632-0730

7. Pursuant to §327 of the Bankruptcy Code, the trustee wishes to employ **Gregory A. Lawrence** to represent the estate in the appeals of the court's order regarding the Watrel claim.

8. The attorney has proposed a fee arrangement of $150.00 per hour, plus costs.

9. The attorney is qualified within the meaning of the provisions of §327(a) through (f) of the Bankruptcy Code and is disinterested within the meaning of §101(14) of the Code.

10. The attorney has agreed to seek compensation at his standard hourly rate pursuant to the provisions of §330 of the Bankruptcy Code.

Dated October 30, 2003.

  /s/ Gregory K. Crews
**GREGORY K. CREWS, Trustee**
**Florida Bar No. 172772**
**300 W. Adams Street, Suite 200**
**Jacksonville, Florida 32202-4304**
**(904) 354-1750**

Copies to:

Assistant United States Trustee
Gregory A. Lawrence